you're there you may proceed okay thank you ready okay we are too I'll have to say obviously I take this matter very personally and I'm not happy that the district court would award sanctions for me in this case against me in this case section 1927 was designed to sanction attorneys who willfully abuse the faith and a bad faith determination is only appropriate when an attorney frivolously claims frivolously engages in arguments that are not valid or obstructs non-frivolous claims neither of those are present in the case of this particular matter the two matters that the court was concerned with were motions related to possession of the property after the foreclosure and a motion related to return of the funds those are the primary ones that are at issue and as we know California law would apply in both of those cases so what does California law say with regard to possession of the property after foreclosure and what does it say with regard to the bidding process in both of foreclosure possession someone mute the phone yeah I'm sorry Ron is I have a dog barking I can't stop and I try oh it's your job my dog I apologize I tried in in the case of the motion the motions they brought two motions one they sought effectively to obtain possession or they at least argued in their motions that they could get possession while the redemption period was going the second thing is they sought the court to set rents while the redemption period was going in both of those cases the motions were opposed because it seemed that they were arguing to this court or the district court that they could get rents during the redemption period that's simply not the law now as far as the right to possession California law is clear during the redemption period the homeowner has an absolute right to possess the property that's not subject to paying rents there is no law that says they can't have possession you didn't say they don't you didn't say California procedure says section seven to nine point oh nine zero and your brief did you I did not your honors and provision that says that rents are recoverable that's right it's a question of when they're recoverable and they're not recoverable until after the redemption period expires the statute says from the time of the sale until a redemption is entitled to receive from the person in possession the rents and profits for the property or the value of the use and occupation the property so they are your honor but the problem with that is is that you have to read the case law and the case law says that the homeowner can redeem the property and in that event they are not entitled to any rents from the homeowner the case law also says over and over and over again that the homeowner is entitled to absolute possession of the property during the redemption period not conditioned at all on the payment of rents what that statute is meant to say and what it does say is is that if rents are received from a third party then the foreclosing party is entitled to recover those rents but not charge rent to the homeowner how do you read the phrase to receive from a person in possession in possession right I would agree your honor your honor what I'm that they are obligated to pay use in occupancy during the period of time between the sale and redemption that's correct your honor they're not obligated to pay any rents during that time and we can't determine what notwithstanding what the statute says notwithstanding what the statute says and the reason how was it you didn't cite that statute in your brief I don't think it's relevant to the issues in this case your honor it's if I look at what I think the trial court was unhappy about it seems to be one is the delay in turning over the insurance policy that was one and the second was a claim that you stonewalled on the meat and confer could you address those issues please I would your honor with regard to the insurance policy there's no evidence that I had anything to do with that in fact I didn't refuse to meet and confer on that I did meet and confer on that and in fact I did not have the insurance policy in fact as soon as the order came out from the court I made sure that my clients clear in its opinions in this case the parabolas are not cooperative parties I can't control what my client does all I can do is do what I can do in terms of what they give me if they don't give me the insurance policy I can't produce it and that's exactly what occurred in regard to the insurance policy and and and if the court to remind me on the second issue well that was they say with that issue you I'm looking at your declaration dated November 21 2019 on receipt of the order you're right I instructed the parabolas to comply with all of its terms I understood and this is where this phrase troubles me I understood that they had met with the receiver and provided a copy of the statement like that it's not confident evidence so what does it hide it's not hiding anything your honor I understood that they had provided the policy of insurance of course the court needs to take note that I can't convey discussions I had with my clients particularly at that time I cannot breach the attorney-client privilege but if you're blaming you if you're blaming your your clients they're not doing what the court order says they should be doing we're not operating in perfect privilege anymore I do you accept responsibility or you you blame it on your clients and you blame it on your clients you're in a different phrase and the code of responsibility allows you to do that well the court is reading intention into my statement my statement is I understood that the policy had been provided by the parabolas I could have said my understanding was based on conversations with my client I see that as violating the attorney-client privilege but why don't you have one of their declarations I didn't see it as necessary your honor because you felt that you're afraid your sentence I understood would cover the point that's your engagement in two trials in Miami and Boston acquits you from finding out what you have to do in your own office no it doesn't your honor however in today's modern world sending someone an email and expecting an immediate response is not right reasonable either people are engaged in other matters one day is not an unreasonable time period judge McEwen asked you about meeting confer yes your honor I did meet and confer I did not ignore them at all I got them the policy as soon as I could as soon as the ex parte came out I obtained the policy and I got it over to them I'm good since the court is concentrating on those issues I'm going to note that the order in this case they certainly was not $19,000 in fees related to that one ex parte obtaining the the insurance policy so if the court is going to concentrate on that then I'm going to say the fees in relation to that are extremely small under $2,000 yet we have a $19,000 reward in this case and I'm running out of time so I'm going to point out your honors that in this case my conduct was not frivolous it was not in bad faith I did nothing to multiply the proceedings in this case and all of my arguments are supported by California law I'll reserve five minutes for my reply all right thank you good morning your honors mr. Lopez spent most of his argument talking about whether his the arguments he made in the district court were whether or not they were frivolous what mr. Lopez did not address is a very important part of the standard for imposing sanctions under section 1927 and that is that even a non-frivolous argument can be sanctionable if it's made for the purpose of harassing an opponent and in this case your honors that the evidence is overwhelming that mr. Lopez's clients had engaged in a years-long effort to delay and harass the plaintiff State Bank of Texas mr. Lopez wants to blame his clients for the sanction but what judge Lorenz did was sanction mr. Lopez for his own actions following a long pattern of sanctionable conduct by his by his clients well you know I read their record I went back and went through the whole district court docket and it seems obvious why judge Lorenz was examples of the perfect client but it seems some of that rubbed off on the judge's view of mr. Lopez because there was such a long period before delay harassment difficult clients etc so I assume you don't suggest that that should be tagged to mr. Lopez what happened in before no however because the court had to make a finding of subjective bad faith nobody but mr. Lopez knows for sure what was going through his mind but it was appropriate for judge Lorenz to look at the prior history of the case in order to draw inferences about the subjective state of mind of mr. Lopez and so mr. Lopez may have been taking orders from his clients but that's not an excuse under section 1927 otherwise any lawyer could say hey I just did what my clients asked me to do what's your position with regard to the first motion that mr. Lopez made after coming into the case the motion made on October 4 who set aside the foreclosure and the secret TRO against foreclosure was that a proper motion I don't believe it was your honor but I don't think that's one of the motions for which we're seeking sanctions because it was only in response to that motion that mr. Lopez knew for sure what two federal courts had found with respect to his clients conduct well mr. Lopez can be charged with knowing how the Arabians use bankruptcy as a means of trying to avoid foreclosure it was not the first effort to stop foreclosure yeah I believe that mr. Lopez had an ethical obligation before he ever filed anything in the investigate what had happened and to familiarize himself with the history of the case but whether or not I'm right on that when he filed that first motion in response State Bank of Texas informed him and the district court about what the bankruptcy court had found which is that the parabias through two separate bankruptcy violence both filed either the day before or the morning of scheduled foreclosure actions and engaged in a scheme to hinder delay and defraud State Bank of Texas and then the court the district court judge Lorenz in ruling on that first motion noted in his order that the parabias had engaged in a so by that time at the earliest mr. Lopez was aware that there was a long history of harassment and delay but that doesn't that shouldn't be charged to him so to speak correct I mean as I said before there's a long history in this case that would send any judge you know into a tailspin but that was before mr. Lopez arrives on the scene but mr. Lopez we believe and we think that the law requires as acting ethically as an attorney has a responsibility he can't simply ignore the history of the case if his clients are asking him to file something then this is really the important part of section 1927 whether an individual filing is frivolous or not it can be sanctionable if it's done with the intent to harass and you can't mr. Lopez was obligated to familiarize himself with his clients conduct in order for him to know whether his clients motivation was to harass the plaintiff counsel if I could if I could just jump in here I guess one of my concerns about judge Lorenz order is it to me it's not precise enough and here's what I mean by that is that there are stuff that happened before mr. Lopez got on the case and mr. Lopez is then filing oppositions to motions that you're on behalf that you were that you follow on behalf of your client if you file an opposition to a motion is that multiplying the proceedings under section 1927 it can be if the if the motion is an issue that has already if if your response to the motion is to do nothing but raise an issue that the district court has repeatedly heard and rejected then the answer to that question is yes and that is what judge Lorenz found in this case is that mr. Lopez on at least three occasions we argued his point about the necessity for a separate unlawful detainer action he did that at least three times after judge Lorenz rejected our what were the three what were the three times and the next one is Lopez's opposition to the order granting the to the bank a CRO appointing a receiver and ordering the parabias to pay rent Lopez opposed that was then opposition filed by Lopez an instance of tending to hear in intent to hinder creditors I suppose he really believed that an unlawful detainer was required as a precondition to that and that there was no unlawful detainer whether it hinders creditors or not if it's a legitimate argument he can make it can he he can make it your honor first of all I believe that this court actually has already resolved that that issue did come up on a separate appeal to this court and the court rejected it however even setting that aside what mr. Lopez says in his reply brief is that he raised that issue repeatedly because he felt that he needed to preserve his right to appeal but the flaw with that issue in subsequent papers is is to argue re-argue that issue only then he shouldn't be filing the motion so that's so that's the first instance you're talking about and then the second instance is the insurance policy and what's the third instance well there were there was one other that we haven't talked about your honors and that is the issue where judge Lorenz found that mr. Lopez instructed his client dr. Corabia not to comply with the order to pay rent that was presented to judge Lorenz by the testimony of the receiver who testified that he attempted to collect rent from dr. Corabia dr. Corabia told him that she had been instructed by mr. Lope by mr. Lopez she was not required and mr. Lopez filed a declaration in response where he does not even attempt to refute that testimony so that that's an issue that we haven't talked about in this hearing but we think it's very important because it's uncontroversial and it so we do we know that he told the client that I know there were there were still two or three lawyers of record at this point we know what what lawyered we have specific evidence all we have is I think the receivers affidavit of what we have the receivers affidavit of what the client said and I don't know the timing of that the rent order didn't have an amount until January so there there seems to be some confusion about that maybe you can help us out your honor the receiver wasn't appointed until after mr. Lopez took over the case so it had to have been after mr. Lopez was counseled was the court's order fixing the amount of the sanction tied to the instance of violations of section 1927 or was it a general statement yes your honor the specific findings about conduct that was sanctionable one was the the issue of the repeated efforts to obtain the insurance the second was briefing related to the parodies arguments on the rent order the appropriate rent amount and efforts to obtain the payment of rent and for the motion for the writ of execution the court also found that the forcing the bank to respond to the parodies opposition to the bank's motion for distribution of proceeds is sanctionable and that mr. Lopez's conduct in refusing to cooperate with informal efforts to obtain possession of the property which led to the filing and Mr. Lopez's opposition and forcing the bank to file an opposition to the motion to flush were sanctionable and the court based the sanctions amount on those particular events your honor is that I'm short on time I'll just ask the court if they have any questions here's not thank you thank you thank you your honors your honors I'm going to point out that no amount of rent was ordered to be paid until January as the court properly pointed out and there's no evidence I ever instructed my clients to not pay rent I wouldn't have done that because they were never ordered to pay rent the amount of rent wasn't set until January and that's when the eviction took place also so there was never an occasion for me to tell them not to pay rent to the receiver because simply put I wouldn't know what amount of rent they would have to pay had they received rents from a third party they were instructed that those rents would have to be paid from the receiver but I have no information that they in fact ever did receive rents but I never told the parabi is not to pay rents and I think that the court is hit directly on another point in this case that the judges order awarding sanctions appears to charge to me motions that they brought that I had nothing to do with I did not make them file a motion to obtain rents that was their choice to do so the parabi is were no order to pay rent at that time I did not make them move for a receiver I did not make them bring a motion asking for the amount that they bid at the sale at any time and it is my obligation to fully and adequately represent my clients and ask the court to follow the law as justified by the case law and the very short oppositions to each of their motions pointing out very short issues regarding the proposed order or ruling one I still believe a post foreclosure unlawful detainer is necessary to I believe that the court's order distributing the funds is a direct violation of California law on that issue and three I think that you do need a judgment for possession to get a rate of possession I still believe that I haven't changed my mind on that I understand this court in this case has ruled otherwise but I think that a California court would not agree with that simply put your honor I think that what occurred here is that judge Lorenz is mad at the parabi is and I've been involved in many of these cases and I would agree homeowners make frivolous they delay foreclosures they all do it and the judges don't like these cases but that does not justify awarding sanctions against me for raising reasonable arguments before the court to represent my client I didn't move to set this sale aside let me ask you this let me ask mr. Lopez when you made your first motion in October of 2019 you should have been aware of everything that happened before you explain in your declarations that the former attorney was not cooperative in giving you the records but there was the ECF the court stock it was showed everything you would have known that there had previously been an order to foreclose you would have known about the the frivolous bankruptcy proceedings you would have known about the frivolous lawsuit in the Superior Court of San Diego and nevertheless you made the motion so is it fair to blame the parabius when a lawyer tells them what the parabius could do your honor I will note again that motion was not at issue in regards to this sanction order at any point in time the framework because I'm doing the same thing well I didn't keep doing the same thing I raise that argument because the parabius presented me with evidence that after all of this had happened they entered into a settlement with State Bank of Texas that's the only reason I brought the motion I wasn't concerned with their prior conduct because I had a notarized document indicating that in fact they had settled and therefore the default judgment was improper that's why the motion was brought of course I'm wary of what my client is done and I'm fully aware of what my clients have done but in this case that didn't guide me in any way I wasn't trying to hinder or delay anything I was simply asking the court to follow the law no further questions thank you for the argument thank both of you for the argument this morning the case just argued of State Bank of Texas versus Lopez is submitted and we're adjourned for the morning
judges: McKEOWN, OWENS, Hellerstein